DAVID M. GIVEN (SBN 142375)
dmg@phillaw.com
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone:  415-398-0900
Fax:             415-398-0911

DANIEL SMOLEN, OBA #19943 (*Pro Hac Vice Pending*)
danielsmolen@ssrok.com
DONALD E. SMOLEN, II, OBA #19944 *(Pro Hac Vice Pending)*
donaldsmolen@ssrok.com
ROBERT M. BLAKEMORE, OBA #18656 (*Pro Hac Vice Pending*)
bobblakemore@ssrok.com
SMOLEN SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
Telephone:  (918) 585-2667
Fax:  (918) 585-2669

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN A. ANDERSON, individually and as Successor-In-Interest of Decedent, ROBERT W. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, a municipal corporation; DAVID O. LIVINGSTON, in his individual and official capacities; CONTRA COSTA HEALTH SERVICES; DENNIS MCBRIDE, M.D.; MICHELLE CUNNINGHAM, M.D.; ADAM BUCK, M.D., and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, ETC.**<br>**(42 U.S.C. § 1983)**<br><br>**JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

Plaintiff alleges:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Eighth Amendment and/or Fourteenth Amendment to the U.S. Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

2. This Court also has jurisdiction under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the U.S., particularly the Eighth and/or Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the U.S. Constitution and federal law.

## VENUE AND INTRADISTRICT ASSIGNMENT

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in the County of Contra Costa, California. This action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California, pursuant to Local Rule 3-2(d).

## PARTIES AND PROCEDURE

5. Plaintiff, Shaun A. Anderson ("Plaintiff"), is a resident of California, and the surviving son of Robert W. Anderson ("Mr. Anderson"), the decedent. Plaintiff brings his claims individually and as the successor-in-interest to Mr. Anderson. The survival causes of action in this matter are based on violations of Mr. Anderson's rights under the Eighth and/or Fourteenth Amendments to the U.S. Constitution and California State Law.

6. Defendant County of Contra Costa ("County") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the County operates the Contra Costa County Sheriff's Office ("CCCSO").

7. Defendant David O. Livingston ("Sheriff Livingston" or "Defendant Livingston") is, and was at all times relevant hereto, the Sheriff of the County of Contra Costa, California, and acting under color of state law. Defendant Livingston, as Sheriff and the head of the CCCSO, was, at all times relevant hereto, responsible for ensuring the safety and well-being of inmates detained and housed at the Martinez Detention Facility ("Jail"), including the provision of appropriate medical and mental health care and treatment to inmates in need of such care. In addition, Defendant Livingston is, and was at all times pertinent hereto, responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of CCCSO and Jail, including the policies, practices, procedures, and/or customs that violated Mr. Anderson's rights as set forth in this Complaint. Defendant Livingston is sued in his individual and official capacities.

8. Defendant Contra Costa Health Services ("CCHS") is a department of the County. CCHS provides medical and mental health services to inmates at the Jail. More specifically, CCHS provides all primary care medical services for inmates in the Jail, including diagnostic testing, treatment, and nursing care. CCHS also operates the Contra Costa County Regional Medical Center ("Hospital"). At all times relevant hereto, CCHS was responsible, in part, for providing medical services and medication to Mr. Anderson while he was in the custody of CCCSO. CCHS was additionally responsible, in part, for creating and implementing policies, practices and protocols that govern the provision of medical and mental health care to inmates at the Jail and Hospital, and for training and supervising its employees. CCHS was, at all times relevant hereto, endowed by the County with powers or functions governmental in nature, such that CCHS became an agency or instrumentality of the State and subject to its constitutional limitations.

9. Defendant Dennis McBride, M.D. ("Dr. McBride") was at all times relevant hereto, an employee and/or agent of the County/CCHS, who was, in part, responsible for overseeing and treating Mr. Anderson's health and well-being, and assuring that Mr. Anderson's medical needs were met, during the time he was in the custody of CCCSO. Dr. McBride was the County/CCHS Medical Director at the Jail. At all pertinent times, Dr. McBride was acting

within the scope of his employment under color of State law. Dr. McBride is being sued in his individual capacity.

10. Defendant Michelle Cunningham, M.D. ("Defendant Cunningham" or "Dr. Cunningham") was at all times relevant hereto, an employee and/or agent of the County/CCHS, who was, in part, responsible for overseeing and treating Mr. Anderson's health and well-being, and assuring that Mr. Anderson's medical needs were met, during the time he was in the custody of CCCSO. Dr. Cunningham was a resident at the Hospital on March 24, 2014 when Mr. Anderson was discharged back to the Jail. At all pertinent times, Dr. Cunningham was acting within the scope of her employment under color of State law. Dr. Cunningham is being sued in her individual capacity.

11. Defendant Adam Buck, M.D. ("Defendant Buck" or "Dr. Buck") was at all times relevant hereto, an employee and/or agent of the County/CCHS, who was, in part, responsible for overseeing and treating Mr. Anderson's health and well-being, and assuring that Mr. Anderson's medical needs were met, during the time he was in the custody of CCCSO. Dr. Buck was an attending physician at the Hospital on March 24, 2014 when Mr. Anderson was discharged back to the Jail. At all pertinent times, Dr. Buck was acting within the scope of his employment under color of State law. Dr. Buck is being sued in his individual capacity.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Mr. Anderson and Plaintiff as set forth herein. Plaintiff will amend his Complaint to state the names and capacities of DOES 1-10, inclusive, when they have been ascertained.

## FACTUAL ALLEGATIONS

13. Mr. Anderson died on March 31, 2014. According to the Contra Costa County Coroner, the cause of death was "sepsis" due to bronchopneumonia of the right lung. Mr. Anderson was 58-years-old. Were it not for the negligence and/or deliberate indifference of

employees and agents of the CCCSO and/or the CCHS, Mr. Anderson would not have died in this manner.

14. On information and belief, Mr. Anderson was booked into the Jail in February 2014. On February 27, 2014, Mr. Anderson was taken to the Hospital, a division of the CCHS. Upon admission, Mr. Anderson reported chest pain, a painful cough, shortness of breath, "yellow sputum with … streaks of blood," nausea and a history of serious health problems, including COPD and asthma. He was admitted into the Hospital and remained there for seven (7) days. During this initial stay in the Hospital, Mr. Anderson was diagnosed with community-acquired pneumonia complicated by COPD, chronic kidney disease, Hepatitis C infection, asthma and coronary artery disease, among other diagnoses. Hospital medical personnel determined that the pneumonia resulted from a staph infection. On March 6, 2014, the Hospital discharged Mr. Anderson back to the Jail, and under the care of CCCSO, with significant discharge medication and medical care instructions (including the provision of Symbicort, an inhaler used for the treatment of COPD).

15. After staying at the Jail for 11 days, Mr. Anderson returned to the Hospital on March 17, 2014. Once again, Mr. Anderson reported chest pain and significant pain when he took a deep breath. Additionally, medical personnel noted that he was wheezing and had rhonchi in the "right lower quadrant…." Apparently, with negligence and deliberate indifference, responsible personnel at the ***Jail failed to place Mr. Anderson on Symbicort as ordered.*** The Hospital discharged Mr. Anderson back to the Jail on March 17, noting that he was "not likely going to get his Symbicort" and instructing Mr. Anderson to follow up with the physician at the Jail.

16. Upon Mr. Anderson's return to the Jail, upon information and belief, that Jail medical personnel failed to provide Mr. Anderson with necessary medication, despite his obvious needs and the substantial and known risks he faced, and Jail medical staff failed to adequately monitor or supervise Mr. Anderson, despite his delicate condition and serious medical needs. On March 23, 2014, Mr. Anderson fainted in his cell, and was taken to the Hospital again. Medical personnel determined that Mr. Anderson fainted due to hypotension

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone:  (415) 398-0900

**4**
**COMPLAINT AND JURY DEMAND**

and "medications." Mr. Anderson complained of chest pain again. Hospital personnel found that the chest pain was due to COPD exacerbation. ***Jail nurses, "Judy" and "Mary Tess", admitted to Hospital personnel that Mr. Anderson had been given improper doses of his medications.*** Mr. Anderson reported that he had been given "too many pills" at the Jail. Further, Mr. Anderson's lab results indicated elevated white blood cells. In deliberate indifference to the known risks, the Hospital medical personnel, namely Defendants Cunningham and Buck, did not attempt to determine whether the staph infection and/or pneumonia persisted. Rather, the Hospital recklessly discharged Mr. Anderson back to the Jail on March 24, 2014.

17. After returning to the Jail on March 24, despite Mr. Anderson's continuing and serious medical problems, upon information and belief, the Jail completely failed to supervise, monitor or treat his condition. Without the necessary treatment and supervision, Mr. Anderson's condition continued to deteriorate.

18. Upon information and belief, Jail medical staff, including Dr. McBride, failed to perform basic tests on Mr. Anderson to monitor and assess his dire respiratory illnesses and infections, despite obvious signs that his condition was rapidly growing worse, including Mr. Anderson's complaints of "chest pains." Despite the obvious symptoms of staph-induced pneumonia, medical staff at the Jail, including Dr. McBride, did not perform appropriate diagnostic testing nor provide the timely care that Mr. Anderson's life-threatening condition demanded.

19. On March 30, 2014, just six (6) days after returning to the Jail, Mr. Anderson was rushed to the Hospital with dangerously low blood pressure (hypotension), and complaining of chest pain yet again. ***Mr. Anderson reported that the chest pain had started again at the Jail "a few days" before. Further, Mr. Anderson had dangerously low blood pressure at the Jail days before he was finally taken to the Hospital.*** Yet, it does not appear that medical staff at the Jail did anything to assess or treat Mr. Anderson's serious medical needs. By the time Mr. Anderson was finally rushed to the Hospital, on March 30, it was too late. Hospital medical

personnel determined that Mr. Anderson was in septic shock due to severe pneumonia. After multi-organ failure, Mr. Anderson was pronounced dead at the Hospital on March 31, 2014.

20. Mr. Anderson's death was imminently preventable and only occurred as a result of negligence and/or deliberate indifference to his serious medical needs.

21. The deliberate indifference to Mr. Anderson's serious medical needs, as summarized above, was in furtherance of and consistent with: (a) policies, customs and/or practices which the County/Sheriff Livingston promulgated, created, implemented or possessed responsibility for the continued operation of; and (b) policies, customs and/or practices which CCHS had responsibility for implementing and which CCHS assisted in developing.

22. First, the County/Sheriff Livingston and/or CCHS have failed to adequately train Jail personnel and medical staff with respect to the proper and timely assessment, classification, supervision and treatment of inmates with serious and complex health needs. This failure to train constitutes deliberate indifference to the health and safety of inmates like Mr. Anderson. This failure to train was a proximate cause of Mr. Anderson's death and the damages alleged herein.

23. Second, the County/Sheriff Livingston and/or CCHS have failed to implement and enforce generally accepted, lawful health care policies and procedures at the Jail. This failure to implement and enforce generally accepted, lawful health care policies and procedures constitutes deliberate indifference to the health and safety of inmates like Mr. Anderson. This failure to implement and enforce generally accepted, lawful health care policies and procedures was a proximate cause of Mr. Anderson's death and the damages alleged herein.

24. Third, the County/Sheriff Livingston and/or CCHS have adopted and maintained a medical computer system, EPIC/ccLink, which is dangerously deficient and creates unreasonable risks that inmates with serious medical needs. Specifically, EPIC/ccLink has been known to recommend incorrect, life-threatening, doses of medication. More generally, the EPIC/ccLink system has had bugs that cause it to malfunction and fail to provide correct or timely patient information. It is believed that failures with EPIC/ccLink were a proximate cause of Mr. Anderson's injuries, particularly the failure to provide him with the correct medications

**6**
**COMPLAINT AND JURY DEMAND**

and/or correct doses of medication. The County/Sheriff Livingston and/or CCHS knew about the dangers created by EPIC/ccLink, but failed to alleviate those dangers, in deliberate indifference to inmates like Mr. Anderson.

25. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Mr. Anderson;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    e. Loss of economic support;

    f. Violation of constitutional rights;

    g. Emotional distress;

    h. Mr. Anderson's loss of life, pursuant to federal civil rights law;

    i. Mr. Anderson's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

    j. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Cruel and Unusual Punishment in Violation of the Eighth
and/or Fourteenth Amendment to the U.S. Constitution
(42 U.S.C. § 1983)**

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25, as though fully set forth herein.

27. Defendants McBride, Cunningham, Buck and DOES 1-10 knew that Mr. Anderson had serious medical and mental health needs, due to his reported medical condition, symptoms and requests for medical treatment, and the conditions of medical care at the Jail. In addition, such Defendants were put on notice of Mr. Anderson's need for emergent care and treatment by other medical and detention staff, as well by his severe and obvious physical symptoms.

28. Defendants McBride, Cunningham, Buck and DOES 1-10 failed to provide an adequate physical evaluation on a number of occasions, and failed to provide timely or adequate treatment for Mr. Anderson while he was under CCCSO custody.

29. The acts and/or omissions of deliberate indifference as alleged herein, include but are not limited to: the failure to treat Mr. Anderson's serious medical condition properly; failure to conduct appropriate medical assessments; failure to create and implement appropriate medical treatment plans; failure to promptly evaluate Mr. Anderson's physical health; failure to properly monitor Mr. Anderson's physical health; failure to provide access to medical personnel capable of evaluating and treating his serious health needs; and a failure to take precautions to prevent further injury to Mr. Anderson.

30. Defendants McBride, Cunningham, Buck and DOES 1-10 knew of (either through direct knowledge or constructive knowledge) and disregarded substantial risks to Mr. Anderson's health and safety.

31. As a direct and proximate result of Defendants McBride, Cunningham, Buck and DOES 1-10's conduct, Mr. Anderson experienced physical pain, severe emotional distress, mental anguish, death, and the damages alleged herein.

**8**
**COMPLAINT AND JURY DEMAND**

32. The aforementioned acts and/or omissions of these individually named Defendants were malicious, reckless and/or accomplished with a conscious disregard of Mr. Anderson's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

**Supervisor Liability and Official Capacity Liability**
**(Sheriff Livingston)**

33. As alleged in paragraphs 21-24, Sheriff Livingston possessed responsibility for policies, customs and/or practices which were a proximate cause of Mr. Anderson's injuries, death and the damages sought herein.

34. Sheriff Livingston knew (either through actual or constructive knowledge), or it was obvious, that these policies, practices and/or customs posed substantial risks to the health and safety of inmates like Mr. Anderson. Further, Sheriff Livingston failed to take reasonable steps to alleviate those risks with deliberate indifference to inmate's serious medical needs, including Mr. Anderson's serious medical needs.

35. Sheriff Livingston tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, knew that such conduct was unjustified and would result in violations of constitutional rights, and evinced deliberate indifference to prisoners' serious medical needs.

36. There is an affirmative causal link between the aforementioned acts and/or omissions in being deliberatively indifferent to Mr. Anderson's serious medical needs, health and safety and violating Mr. Anderson's civil rights, and the policies, practices and/or customs described herein which Sheriff Livingston promulgated, created, implemented and/or possessed, and Mr. Anderson's injuries and damages as alleged herein.

**Municipal Liability**
**(County and/or CCHS)**

37. The County and CCHS are "persons" for purposes of 42 U.S.C. § 1983.

38. At all times pertinent hereto, the County and CCHS were acting under color of state law.

39. CCHS was endowed by the County with powers or functions governmental in nature, such that CCHS became an instrumentality of the State and subject to its constitutional limitations.

40. As alleged in paragraphs 21-24, the County and/or CCHS possessed responsibility for policies, customs and/or practices which were a proximate cause of Mr. Anderson's injuries, death and the damages sought herein.

41. There is an affirmative causal link between the aforementioned acts and/or omissions in being deliberately indifferent to Mr. Anderson's serious medical needs, health, and safety, and violating Mr. Anderson's civil rights, and above-described customs, policies, and/or practices carried out by the County and/or CCHS.

42. The County and/or CCHS knew (either through actual or constructive knowledge), or it was obvious, that these policies, practices and/or customs posed substantial risks to the health and safety of inmates like Mr. Anderson. Nevertheless, the County and/or CCHS failed to take reasonable steps to alleviate those risks in deliberate indifference to inmates', including Mr. Anderson's, serious medical needs.

43. The County and/or CCHS tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, knew that such conduct was unjustified and would result in violations of constitutional rights, and evinced deliberate indifference to prisoners' serious medical needs.

44. There is an affirmative causal link between the aforementioned customs, policies, and/or practices and Mr. Anderson's injuries and damages as alleged herein.

## SECOND CAUSE OF ACTION
### Negligence/Wrongful Death

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44, as though fully set forth herein.

46. All Defendants owed a duty to Mr. Anderson, and all other inmates in custody, to use reasonable care to provide inmates in need of medical attention with appropriate treatment.

47. Defendants breached that duty by wholly failing to provide Mr. Anderson with prompt and adequate medical treatment despite repeated requests and obvious need.

48. Defendants' breaches of the duty of care include, among other things: failure to treat Mr. Anderson's serious medical condition properly; failure to conduct appropriate medical assessments; failure to create and implement appropriate medical treatment plans; failure to promptly evaluate Mr. Anderson's physical health; failure to properly monitor Mr. Anderson's physical health; failure to provide access to medical personnel capable of evaluating and treating his serious health needs; and a failure to take precautions to prevent Mr. Anderson from further injury.

49. Additionally, the duties of reasonable care and due care owed to Mr. Anderson by Defendants County, Sheriff Livingston, CCHS and Dr. McBride include but are not limited to the following specific obligations:

   a. To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person (i) who was responsible for providing medical and mental health care for Mr. Anderson, (ii) who denied Mr. Anderson timely or adequate medical attention or access to medical care and treatment, and/or (iii) who failed to summon necessary and appropriate medical care for Decedent;

   b. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

   c. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

50. Defendants, through their acts and omissions, breached each of the aforementioned duties owed to Mr. Anderson.

51. Plaintiff complied with the Governmental Tort Claim notice requirements of Cal. Gov. Code § 900, et seq.

52. As a direct and proximate cause of Defendants' negligence, Mr. Anderson experienced physical pain, severe emotional distress, mental anguish and death.

53. As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered real and actual damages, including the damages alleged in paragraph 25, supra, in excess of $75,000.00.

54. The County and CCHS are vicariously liable for the negligence of their employees and agents.

### THIRD CAUSE OF ACTION
### Violation of California Government Code § 845.6

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56. Defendants knew or had reason to know that Mr. Anderson was in need of immediate and higher level medical care, treatment, observation and monitoring, due to his severe, obvious and life-threatening health condition. Each individual Defendant, employed by and acting within the course and scope of his/her employment with the County and/or CCHS, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide Mr. Anderson access to care and treatment in violation of California Government Code § 845.6.

57. As legal cause of the aforementioned acts of all Defendants, Mr. Anderson was injured as set forth above, and Plaintiff's losses entitle him to all damages allowable under California law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a. Actual, compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

    b. Punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

        c.      All other damages, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988 and California law; and

        d.      All other relief deemed appropriate by this Court.

Dated: April 13, 2015

                                            PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

                                            By /s/ David M. Given
                                                David M. Given
                                                Attorneys for Plaintiff

                                            SMOLEN SMOLEN & ROYTMAN, PLLC
                                            Daniel Smolen
                                            Donald E. Smolen, II
                                            Robert M. Blakemore

## **DEMAND FOR JURY TRIAL**

      Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 13, 2015                          PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

                                            By /s/ David M. Given
                                                David M. Given
                                                Attorneys for Plaintiff